UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RUSSELL J STUTES CONSTRUCTION CO L L C** | **CASE NO. 2:25-CV-01243** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WINN WITTMAN INC ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before this Court is a RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT filed by Defendants ArchE, LLC and Carolina Escamilla. (Rec. Doc. 24). Plaintiff Russell J. Stutes Construction Co., LLC (RJSC) filed an opposition. (Rec. Doc. 32). For the following reasons, the motion is DENIED.

### Factual and Procedural Background

On May 2, 2025, RJSC filed a petition in state court against Winn Wittman, Inc. d/b/a Winn Wittman Architecture, Winn Wittman (the "Wittman Defendants"), ArchE International, LLC, and Carolina Escamilla alleging that RJSC was the general contractor on a residential construction project in Lake Charles, Louisiana. (Rec. Doc. 1-1 at ¶4). The Wittman Defendants served as the architect on the project, and ArchE and Escamilla served as the engineer. (*Id.*). RJSC alleged that it did not contract with those defendants for the services they provided. (*Id.*). After substantial completion, the home began experiencing moisture issues at which time RJSC hired another engineer to determine the cause of the moisture intrusion. (*Id.* at ¶¶5-6). That engineer attributed the moisture issues to the HVAC design. (*Id.* at ¶6). As a result, RJSC alleged that it hired an HVAC subcontractor to remedy the issues for its client at a cost of $144,267.81. (*Id.* at ¶7).

On August 26, 2025, the Wittman Defendants removed to the case to this Court on the basis of diversity. (Rec. Doc. 1). ArchE and Escamilla had not been served at the time of removal. (*Id.* at ¶19). After removal, the Wittman Defendants filed an answer. (Rec. Doc. 12). On October 16, 2025, Escamilla filed a "Notice of Appearance as a Pro Se Litigant" (Rec. Doc. 16) and an answer (Rec. Doc. 17). The answer responded to the allegations in RJSC's petition and asserted various affirmative defenses. On November 4, 2025, counsel moved to enroll for ArchE and Escamilla (Rec. Doc. 22) and filed the instant motion (Rec. Doc. 24). RJSC filed an opposition to the instant motion. (Rec. Doc. 32). The deadline for filing a reply has passed; therefore, the motion is ripe for ruling.

## **Applicable Standards**

Federal Rule of Civil Procedure 12(e) provides in pertinent part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." It is well settled that, "[g]iven the liberal pleading standard set for in Rule 8(a), Rule 12(e) motions are disfavored" and should be granted sparingly. *Murungi v. Texas Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009). Rule 8 requires only "a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests." *See Verret v. N. Star Marine, LLC*, 2009 WL 3614502, at *1 (E.D. La. Oct. 28, 2009).

A Rule 12(e) motion may not be used as a substitute for discovery. *See Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006). However, a Rule 12(e) motion should be granted "[i]f a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). The decision to grant a Rule 12(e) motion is within the trial court's discretion and such motions are "universally deemed appropriate

only when the pleading addressed is so vague it cannot be responded to." *Newcourt Leasing Corp. v. Reg'l Bio-Clinical Lab'y, Inc.*, 2000 WL 134700, at *1 (E.D. La. Feb. 1, 2000) (citation omitted).

## Analysis

At the outset, the Court notes that the instant motion is improper as to Escamilla. Rule 12(e) provides that the "motion must be made before filing a responsive pleading. . . ." Here, Escamilla filed an answer. (Rec. Doc. 17). In any event, the Court will proceed to ruling on the instant motion vis-à-vis ArchE.

The instant motion asserts numerous issues with RJSC's petition: it contains no dates of alleged acts or omissions, does not state when the construction project reached substantial completion, does not state when the alleged defects were discovered, and does not state how such events related to defendants' services. (Rec. Doc. 24). The absence of these facts supposedly makes it impossible for ArchE to determine whether RJSC's claims are perempted under La. R.S. § 9:5607, the statute providing the limitation period for suits against professional engineers and architects. In opposition, RJSC notes that Escamilla filed an answer and argues that ArchE's issues are more appropriate for discovery. (Rec. Doc. 32).

A more definite statement should be required only if an allegation is so "excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Babcock*, *supra* at 633 (citing *Advanced Comm'ns Techs., Inc. v. Li*, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005). A court must also assess a complaint in light of the minimal pleading requirements of Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Babcock*, *supra* at 633; Fed. R. Civ P. 8(a)(2). Further, a court must disfavor Rule 12(e) motions given the availability of extensive discovery to further elucidate a plaintiff's allegations. *See City of DeQuincy v. Emps. Mut. Cas. Co.*, 2023 WL 2604022, at *1 (W.D. La. Mar. 22, 2023). Thus, relief under

Rule 12(e) is unwarranted when a pleading meets the minimal standard of Rule 8, the missing or vague information is already known by the defendant, or the information sought can otherwise be obtained by discovery. *Id.*

Here, ArchE contends that RJSC's petition fails to include sufficient factual detail to permit it to assert a peremption affirmative defense. Escamilla had no problem doing so in her *pro se* answer: "Plaintiff's claims are barren [sic] by prescription and/or preemption [sic]." (Rec. Doc. 17 at 6, Twelfth Defense).[1] Her answer further admitted more facts than were contained in the original petition. It is naïve to assume that an astute plaintiff's attorney would knowingly plead himself into a Rule 12(b)(6) motion based on a statute of limitations. *See generally Fuller v. CIG Fin., LLC*, 2022 WL 4071964, at *2 (N.D. Tex. Sept. 2, 2022) (noting that for a defendant to obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the defense must appear clearly on the face of the pleadings). As the engineer on the project, ArchE and Escamilla are in a position to know what services they provided and when they provided them. If discovery bears out an affirmative defense, they are certainly free to seek dismissal by summary judgment.

## Conclusion

RJSC's complaint satisfies Rule 8's pleading requirements. For the reasons stated above, the RULE 12(E) MOTION FOR A MORE DEFINITE STATEMENT filed by Defendants ArchE, LLC and Carolina Escamilla (Rec. Doc. 24) is DENIED.

THUS DONE in Chambers on this 19th day of January, 2026.

_____
David J. Ayo
United States Magistrate Judge

---

[1] Her affirmative defenses largely track the Wittman Defendants' affirmative defenses. (*See* Rec. Doc. 12).

4